## Safe Deposit & Trust Company, Appellant, *v.* Cassella.

*Judgments—Opening judgments—Evidence—Sufficiency.*

A petition to open a judgment is properly allowed where evidence is produced on the part of the petitioner that the bond and mortgage had been given as security to a trustee; that the mortgage had been satisfied: and that no notice of the transfer of the obligation had been given to the defendant; and that settlement had been made with the original obligee.

Argued April 24, 1924.  Appeal, No. 177, April T., 1924, by plaintiff, from order of C. P. Lawrence Co., Sept. T., 1922, D. S. B. No. 148, making absolute rule to open judgment in the case of Safe Deposit and Trust Company of Lawrence County, Executor of the will of Leonard M. Uber, deceased, now for the use of Robert James Dobbs, executor of the will of George H. Mehard,

deceased, v. Teresa Cassella, widow. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*William McElwee, Jr.,* for appellant.

*Wylie McCaslin,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The earnest argument of the learned counsel for the appellant has not convinced us that the court was in error in opening the judgment. The bond and mortgage were given to Uber as trustee from which it appears that whatever liability they created was not for money due to him personally, and there is evidence supporting the allegation of the defendant that they were given at the request of Uber to indemnify him as guardian, or surety on a bond and not for money due him as trustee. The settlement between the defendant and Uber when the latter satisfied the mortgage supports the defendant's assertion that the bond was not a money obligation. As it appears that notice was not given to the defendant of the assignment of the securities the subsequent settlement between her and the obligee is relevant evidence. Without entering into a discussion of the merits of the case, we think it sufficient to say that the evidence raises a question of fact properly referable to a jury.

The judgment is affirmed at the cost of the appellant.